FILED
CLERK, U.S. DISTRICT COURT

MAR 2 6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

BLAZ GUTIERREZ, SBN 287202
California Rural Legal Assistance, Inc.
1460 Sixth Street/PO Box 35
Coachella, CA 92236
(760) 398-7261
(760) 398-1050 fax
bgutierrez@crla.org

MICHAEL MEUTER, SBN 161554
California Rural Legal Assistance, Inc.
3 Williams Road
Salinas, CA 93905
(831) 757-5221
(831) 757-6212 fax
mmeuter@crla.org

Attorneys for Plaintiffs
Additional Counsel on Second Page

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

IGNACIO G. VILLALOBOS
ADALBERTO GOMEZ, CONSUELO
LOPEZ, ANTONIO RUBIO,
EPIFANIO OLIVAS LOPEZ,
MARCOS GARCIA, ROSENDO
LOPEZ REYES, RUBEN
SANDOVAL ALVAREZ, JORGE
QUIROZ, JOSE RIGOBERTO
HIGUERA, JOSE ARTURO
MORENO GODINEZ, MANUEL
SANCHEZ LOPEZ, and ROMULO
SOTO CENICERO,
        Plaintiffs,

   v.

CALANDRI SONRISE FARMS LP;
CALANDRI SONRISE FARMS LLC;

Case No.: CV-12-02615 GAF (JEMX)

SECOND AMENDED COMPLAINT
FOR DAMAGES AND INJUNCTIVE
RELIEF

JURY TRIAL DEMANDED

1  JUAN MUÑOZ, DBA JUAN MUÑOZ
2  FARM LABOR CONTRACTOR;
   MARIA CASTILLO; MARIA
3  TERESA AGRIPINA CASTILLO
   OCAMPO, DBA MAUI
4  HARVESTING; TERESA CASTILLO
   OCAMPO; and DOES 1-10, inclusive,
5
6          Defendants.
7

8  Additional counsel:
9
10 ILENE J. JACOBS, SBN 126812
   California Rural Legal Assistance, Inc.
11 511 D Street, PO Box 2600
   Marysville, CA 95901
12 (530) 742-7235
   (537) 741-0854 fax
13 ijacobs@crla.org
14
15 SANTOS GOMEZ, SBN 172741
16 Law Offices of Santos Gomez
   2901 Park Avenue, Suite B16
17 Soquel, CA 95073
   (831) 471-8780
18 (831) 471-8774 fax
19 santos@lawofficesofsantosgomez.com
20
   WEEUN WANG (*Pro Hac Vice*)
21 NICHOLAS C. MARRITZ, SBN 283540
22 Farmworker Justice
   1126 Sixteenth Street NW, Suite 270
23 Washington, DC 20036
   (202) 293-5420
24 (202) 293-5427 fax
25 wwang@farmworkerjustice.org
26 nmarritz@farmworkerjustice.org
27 Attorneys for Plaintiffs
28

Plaintiffs in this action complain of Defendants CALANDRI SONRISE FARMS LP.; CALANDRI SONRISE FARMS LLC.; JUAN MUÑOZ, d/b/a JUAN MUÑOZ FARM LABOR CONTRACTOR; MARIA CASTILLO; MARIA TERESA AGRIPINA CASTILLO OCAMPO, d/b/a MAUI HARVESTING; TERESA CASTILLO OCAMPO; and DOES 1-10, inclusive, as follows:

### **INTRODUCTION**

1.    IGNACIO G. VILLALOBOS, ADALBERTO GOMEZ, CONSUELO LOPEZ,  ANTONIO RUBIO, EPIFANIO OLIVAS LOPEZ, MARCOS GARCIA, ROSENDO LOPEZ REYES, RUBEN SANDOVAL ALVAREZ, JORGE QUIROZ, JOSE RIGOBERTO HIGUERA, JOSE ARTURO MORENO GODINEZ, MANUEL SANCHEZ LOPEZ, and ROMULO SOTO CENICEROS are current and former employees of Defendants CALANDRI SONRISE FARMS LP., CALANDRI SONRISE FARMS LLC., JUAN MUÑOZ dba JUAN MUÑOZ FARM LABOR CONTRACTOR, MARIA CASTILLO, MARIA TERESA AGRIPINA CASTILLO OCAMPO dba MAUI HARVESTING, TERESA CASTILLO OCAMPO, and DOES 1-10, inclusive ("Defendants"). Plaintiffs bring this action for injunctive relief and damages in order to address workplace safety and health violations; to recover unpaid statutory and contract wages due, plus applicable interest and penalties; and to enforce their right to decent housing pursuant to their rights under

the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 et seq. (hereinafter "AWPA"), the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq. (hereinafter "FLSA"), and California law.  Plaintiffs seek to bring this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated workers.

2.   Since at least 2008 to the present, Defendants have been engaged in growing, harvesting, packing, and shipping onions and other agricultural commodities on land located in various southern California counties including, but not limited to, the Counties of Los Angeles, Riverside, Kern, and Santa Barbara.

3.   Plaintiffs complain, on behalf of themselves and other similarly aggrieved employees, that during the onion harvest seasons from 2008 through the present (a period of time hereinafter collectively referred to as "the relevant period") Defendants violated various provisions of state and federal law in having failed to maintain safe and sanitary conditions in the workplace; paid Plaintiffs and other employees at piece rates that totaled less than the state and federal minimum wages; failed to pay Plaintiffs and other employees for all daily hours worked; failed to pay overtime premiums for hours worked by Plaintiffs and other employees in excess of 10 per day or 60 per week; failed to provide Plaintiffs and other employees with or reimburse Plaintiffs and other employees for required

tools and equipment; failed to properly itemize Plaintiffs' and other

employees' paystubs; willfully falsified Plaintiffs and other employees'

paystubs; and committed various other violations of federal and state law

as described hereafter in this complaint.

4.    Plaintiffs further complain that during the relevant period Defendants

owned  or operated  real property or facilities used as housing for

agricultural workers and failed to properly certify employee housing that

they owned and/or operated; failed to maintain that housing in conditions

meeting state and federal health and safety standards; failed to obtain

proper licenses for that housing; and failed to comply with related posting,

notice, and disclosure requirements.

5.    Plaintiffs also complain that during the relevant period Defendants'

practices constitute unfair business practices under California's Unfair

Competition Law, Business and Professions Code §§ 17200, *et seq.* and

that Defendants' violations of state and federal labor and housing

protection laws are unlawful acts which have afforded Defendants an

unfair competitive advantage.  Plaintiffs seek restitution, injunctive

remedies barring those practices, and enforcement of penalties.

## **JURISDICTION AND VENUE**

6.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§1331

because it arises under the laws of the United States and 28 U.S.C. § 1337

because it arises under an Act of Congress regulating commerce, as well as the Court's supplemental jurisdiction over related state law claims because those claims are related to Plaintiffs' federal claims in that they arise out of a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.  Injunctive and declaratory relief, damages, penalties, and other appropriate legal and equitable relief are sought under federal and state law.

7.     Venue is proper in this District pursuant to 18 U.S.C. §§1965(a) and 28 U.S.C. §1391(e) because the unlawful practices of which Plaintiffs complain and the acts and/or omissions giving rise to this complaint occurred within the Central District of California (including, but not limited to, Riverside, Santa Barbara, and Los Angeles Counties); Defendants CALANDRI SONRISE FARMS LP. and CALANDRI SONRISE FARMS LLC. have their principal business operations and headquarters within the Central District of California (Los Angeles County); and Defendants JUAN MUÑOZ D/B/A JUAN MUÑOZ FARM LABOR CONTRACTOR;  MARIA CASTILLO; MARIA TERESA AGRIPINA CASTILLO OCAMPO D/B/A MAUI HARVESTING; and TERESA CASTILLO OCAMPO conducted business within the Central District of California (including Riverside, Santa Barbara, and Los

Angeles Counties) at times relevant to this Complaint.

## INTRA-DISTRICT ASSIGNMENT

8.    Assignment to the Eastern Division is appropriate because acts which gave rise to this complaint occurred in Riverside County, all Defendants conduct business in Riverside County, and Plaintiffs reside in nearby Imperial County.

## PLAINTIFFS

9.    At all times relevant to this complaint, Plaintiffs were migrant agricultural workers and were seasonally employed by Defendants to harvest onions in the southern California counties of Riverside, Kern, Santa Barbara, and Los Angeles away from their permanent places of residence in onion harvest seasons during the relevant period.   Plaintiffs resided during those work seasons away from their permanent places of residence in facilities or real property used as housing for migrant agricultural workers, which was owned and/or operated and/or authorized by Defendants for such use in various onion fields in Riverside, Kern, Santa Barbara, and Los Angeles Counties.

## DEFENDANTS

10.   Plaintiffs sue Defendant CALANDRI SONRISE FARM, LP., ("SONRISE LP.") a California Limited Partnership that at all relevant times was doing business in the Counties of Riverside, Los Angeles, Santa

Barbara, and Kern, California.  The registered California address for

CALANDRI SONRISE FARMS, LP. is 40445 27th Street West,

Palmdale, California 93551.  Defendant SONRISE LP. regularly conducts

business in Riverside, Los Angeles, Santa Barbara, and Kern Counties.

Plaintiffs are informed and believe and so allege that SONRISE LP.

owned and/or operated and/or controlled the agricultural lands on which

Plaintiffs worked and owned and/or operated and/or controlled the real

property used as housing for migrant agricultural workers where Plaintiffs

resided during the work seasons in which they were employed by

Defendants.

11.   Plaintiffs sue Defendant CALANDRI SONRISE FARM, LLC.,

("SONRISE LLC.") a California Limited Liability Corporation that at all

relevant times was doing business in the Counties of Riverside, Los

Angeles, Santa Barbara, and Kern, California.  The registered California

address for CALANDRI SONRISE FARMS, LLC. is 53411 N. 70TH

Street East, Lancaster, California, 93535.  Defendant SONRISE LLC.

regularly conducts business in Riverside, Los Angeles, Santa Barbara, and

Kern Counties.  Plaintiffs are informed and believe and so allege that

SONRISE LLC. owned and/or operated and/or controlled the agricultural

lands on which Plaintiffs worked and owned and/or operated and/or

controlled the real property used as housing for migrant agricultural

workers where Plaintiffs resided during the work seasons in which they were employed by Defendants.

12.  Defendant JUAN MUÑOZ, DBA JUAN MUÑOZ FARM LABOR CONTRACTOR ("MUÑOZ") was, at all times relevant to this complaint, a farm labor contractor ("FLC") within the meaning of state and federal law, and at all relevant times was acting as an FLC in Riverside County and Los Angeles County, California.  MUÑOZ's business address is 1654 Lollie Ln., El Centro, California 92243.  Plaintiffs are informed and believe and so allege that  MUÑOZ operated and/or controlled the agricultural lands on which Plaintiffs worked and operated and/or controlled the real property used as housing for migrant agricultural workers where Plaintiffs resided during the work seasons in which they were employed by Defendants.

13.  Defendant MARIA CASTILLO ("MARIA CASTILLO") was, at all times relevant to this complaint, a farm labor contractor ("FLC") within the meaning of the state and federal law and at all relevant times was acting as a farm labor contractor in Riverside County and Los Angeles County, California.  Upon information and belief, MARIA CASTILLO resides and operates her farm labor contractor business in Imperial County, California.  Plaintiffs are informed and believe and so allege that MARIA CASTILLO operated and/or controlled the agricultural lands on which

Plaintiffs worked and operated and/or controlled the real property used as housing for migrant agricultural workers where Plaintiffs resided during the work seasons in which they were employed by Defendants.

14.  Defendant MARIA TERESA AGRIPINA CASTILLO OCAMPO, D/B/A MAUI HARVESTING, ("OCAMPO") was, at all times relevant to this complaint, an FLC within the meaning of state and federal law, and at all relevant times was acting as an FLC in the Counties of Riverside, Kern, Santa Barbara, and Los Angeles, California.  OCAMPO'S business address is 223 W. Main. Street, El Centro, California 92243.  Plaintiffs are informed and believe and so allege that  OCAMPO operated and/or controlled the agricultural lands on which Plaintiffs worked and operated and/or controlled the real property used as housing for migrant agricultural workers where Plaintiffs resided during the work seasons in which they were employed by Defendants.

15.  Defendant TERESA CASTILLO OCAMPO ("TERESA OCAMPO") was, at all times relevant to this complaint, an FLC within the meaning of the state and federal law and at all relevant times was acting as an FLC in the Counties of Riverside, Kern, Santa Barbara, and Los Angeles, California.  Upon information and belief, TERESA CASTILLO OCAMPO resides and operates her farm labor contractor business in Imperial County, California.  Plaintiffs are informed and believe and so

allege that TERESA CASTILLO OCAMPO operated and/or controlled the agricultural lands on which Plaintiffs worked and operated and/or controlled the real property used as housing for migrant agricultural workers where Plaintiffs resided during the work seasons in which they were employed by Defendants.

16. Defendants owned, controlled, or operated a business or establishment at all times relevant to this Complaint that employed persons within the meaning of Industrial Welfare Commission Order No. 14, 8 Cal. Code of Regulations § 11140.

17. Plaintiffs are ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES 1 through 100, inclusive, and therefore sue said Defendants under such fictitious names. Plaintiffs will amend this complaint to allege the true names or capacities of said Defendants once they have been ascertained.

18. Plaintiffs are informed and believe and therefore allege that Defendants and each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein and that the damages alleged herein were proximately caused by their conduct.

19. Plaintiffs are informed and believe and so allege that at all times relevant to this Complaint each of the Defendants was the agent of every other Defendant; that all acts alleged to have been committed by any Defendant

were committed on behalf of every other Defendant; that each alleged act was committed by Defendants, and/or agents, servants, or employees of Defendants, and Defendants directed, authorized or ratified each such act; and that each of the Defendants aided and abetted every other Defendant in the commission of acts alleged herein.

20.     Plaintiffs are informed and believe and so allege that each Defendant is the alter ego of each other Defendant.

21.     Whatever reference is made in this complaint to any act of any Defendant, such reference shall mean that the named Defendant through his agents, employees, or representatives, performed or authorized such acts while engaged in the management, direction, or control of the affairs of all the Defendants.

22.     Any reference to any act of any Defendant means that each Defendant engaged in the act individually, jointly, and/or in concert with all other Defendants.

## **FACTS**

23.     At all times relevant to this Complaint, Plaintiffs were migrant agricultural workers as defined by state and federal law, in that they were employed in agricultural employment of a seasonal or temporary nature that required them to be absent overnight from their permanent places of residence.

24.  Plaintiffs are informed and believe and so on allege that, during the

relevant period, Defendants recruited and employed Plaintiffs and

hundreds or thousands of additional California farmworkers pursuant to

oral employment contracts to harvest and perform various other tasks in

connection with onion cultivation and harvesting at various locations

owned, operated, leased or managed by Defendants in southern California,

including but not limited to in the Counties of Riverside, Los Angeles,

Santa Barbara and Kern.  Defendants failed to compensate Plaintiffs for

minimum contract wages, overtime wages and split-shift premiums, and

on information and belief, Defendants failed to pay minimum contract

wages, overtime wages and split-shift premiums to other similarly-

employed workers during the relevant period.

25.  Plaintiffs are informed and believe and so on allege that during the

relevant period  Defendants MUÑOZ, MARIA CASTILLO, OCAMPO,

and TERESA OCAMPO recruited, solicited, hired, employed, furnished,

and/or transported workers, including migrant and/or seasonal agricultural

workers, including Plaintiffs, and were employers pursuant to 8 California

Code of Regulations § 11140(2)(G) and for a fee, employed Plaintiffs and

other workers to perform labor in connection with the production of farm

products grown or produced by Defendants SONRISE LP., SONRISE

LLC., and CALANDRI and otherwise operated as a farm labor contractor pursuant to California Labor Code § 1682(b) and the AWPA.

26. Defendants directly or indirectly or through an agent or other person engaged, suffered or permitted the work of Plaintiffs and other employees at all times relevant.

27. Defendants directly or indirectly or through an agent or other person exercised control over the wages, hours or working conditions of Plaintiffs and other employees at all times relevant.

28. Throughout the relevant period, Defendants failed to maintain a safe working environment for Plaintiffs and other current and former employees of Defendants by, among other things, failing to provide adequate lighting during nighttime harvest to protect Plaintiffs' and other employees' physical health and safety; failing to provide adequate bathroom facilities and/or providing bathrooms with inadequate lighting; failing to provide proper supervision during nighttime harvest; and failing to establish, implement, and maintain an injury prevention program that evaluates and addresses the health and safety needs of its employees; all in violation of Cal. Lab. Code §§ 6400, 6401, 6401.7, 6402, 6403, 6406(d), and 2260; and 8 C.C.R. § 3457(c)(2)-(4).

29. Throughout the relevant period, Defendants explicitly and/or implicitly promised to authorize and/or authorized and arranged workers' Plaintiffs'

and other workers' living accommodations on agricultural lands owned and/or operated by SONRISE LP., SONRISE LLC., and CALANDRI when Plaintiffs and, upon information and belief, other workers were recruited to work in southern California onion fields.

30. Throughout the relevant period, Defendants explicitly and/or implicitly promised to authorize and/or authorized and arranged Plaintiffs' and other workers' living accommodations on agricultural lands controlled and/or operated by MUÑOZ and/or MARIA CASTILLO and/or OCAMPO and/or TERESA OCAMPO when Plaintiffs and, upon information and belief, other workers were recruited to work in southern California onion fields, including but not limited to fields in Riverside, Los Angeles, Santa Barbara, and Kern counties.

31. At all times relevant, Plaintiffs and, upon information and belief, other employees migrated to and/or labored on property owned and/or operated and/or controlled by Defendants in reliance on Defendants' promises of employment and living accommodations.

32. Defendants failed to inform Plaintiffs and, upon information and belief, other employees in writing, in any language, about the terms and conditions of their employment or housing.  Defendants unilaterally controlled Plaintiffs', and, upon information and belief, other workers' working arrangements and as part of those working arrangements housed

1    these workers in unsafe and unsanitary conditions in fields owned,

2    operated, and/or controlled by Defendants.

3

4    33.   Defendants implicitly and/or explicitly provided and authorized housing

5          accommodations to the Plaintiffs and, upon information and belief, other

6          employees on real property owned and/or operated and/or controlled by

7          SONRISE LP., SONRISE LLC., CALANDRI, MUÑOZ, MARIA

8          CASTILLO, OCAMPO, and TERESA OCAMPO.  Plaintiffs are further

9          informed and believe and so allege that this real property and the housing

10         accommodations upon it are not regularly provided on a commercial basis

11         to the general public.  The real property or facility owned and/or

12         controlled and/or operated by Defendants is a housing accommodation or

13

14         property set aside for two or more and/or five or more employees to park

15         or camp in a rural area connected with work or a place where work is

16         being performed, and all Defendants have knowledge or constructive

17

18         knowledge of the existence of such housing.

19

20   34.   The facility or real property used as housing for migrant agricultural

21         workers and/or employee housing accommodations during the relevant

22         period  consisted of RV trailers, tents, cars, makeshift structures, and/or

23         other living quarters.  Plaintiffs and, upon information and belief, other

24

25         employees lived in these conspicuous arrangements, which were visible

26         from main roadways, with Defendants' explicit or constructive knowledge

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

16

1    and/or authorization for the duration of all relevant harvest seasons.

2    Workers in Los Angeles County fields bathed in an irrigation reservoir

3    and/or with water accessed through hoses from tanks present and

4    conspicuously visible from public roadways.  Workers in Los Angeles

5    County fields further erected clearly visible cooking stations, utilized

6    water from employer-provided hand-washing stations for cooking

7    purposes, and conspicuously hung laundry out to dry, all of which could

8    be viewed from public roadways.

9

10

11   35.   The facility or real property used as housing for migrant agricultural

12         workers and/or employee housing accommodations during the relevant

13         period  were promised to Plaintiffs and, on information and belief, other

14         employees implicitly and/or explicitly as part of the unwritten working

15         arrangements with the Defendants.

16

17   36.   Defendants did not obtain and have not obtained any license or

18         certification for the facility or real property used as housing for migrant

19         agricultural workers and/or housing accommodations described herein.

20         Defendants did not and have not posted any copy of any certification of

21         occupancy on the housing site.

22

23   37.   Defendants have maintained and continue to maintain these housing

24         accommodations in an unsafe, unsanitary, and substandard condition.  The

25         housing accommodations authorized, owned and/or operated and/or

26

27

28

controlled by Defendants contained numerous uninhabitable and illegal conditions, including some or all of the following defects:

    a.    no operating permits as required by state and federal law;

    b.    inadequate and/or nonexistent plumbing, washing, and/or bathing facilities;

    c.    inadequate toilet facilities;

    d.    nonexistent garbage receptacles;

    e.    inadequate or non-existent water supply and sink facilities;

    f.    no fire extinguishers or smoke alarms;

    g.    no heating or cooling equipment;

    h.    non-existent lighting, electrical wiring, and/or light fixtures;

    i.    inadequate sleeping facilities;

    j.    lack of refrigeration;

    k.    nonexistent and/or inadequate septic system;

    l.    inadequate food storage facilities;

    m.    inadequate laundry facilities.

38.    Plaintiffs made a written complaint to the Department of Housing and Community Development on or about November 5, 2010 regarding the unsafe, unsanitary, and substandard conditions of the housing accommodations Defendants provided and/or authorized.  The violations are so extensive and of such a nature that the immediate health and safety

of the residents or the public has been endangered by the employee housing conditions that are the subject of the complaint. The residents of the employee housing were in imminent peril as a result of serious violations of the Employee Housing Act.

39.   Throughout the relevant period, Defendants systematically failed to compensate Plaintiffs and, upon information and belief, other current or former employees, for piece-rates meeting or exceeding the applicable statutory minimum wage, split-shift premiums, and overtime wages as required by 8 California Code of Regulations §11140 and Cal. Lab. Code §§ 205.5, 1198, 1182.12, and 1197.

40.   Throughout the relevant period, Defendants systematically failed to compensate Plaintiffs and, upon information and belief, other current and former employees at piece-rates meeting or exceeding the statutory federal minimum wage, in willful violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

41.   Throughout the relevant period, Defendants systematically failed to compensate Plaintiffs and, upon information and belief, other current or former employees for all hours worked as required by Cal. Lab. Code §§ 201 and/or 202, and 205.5.

42.   Throughout the relevant period, Defendants failed to provide properly itemized wage statements to Plaintiffs, and, upon information and belief,

to other current or former employees, as required by Cal. Lab. Code § 226(a).

43.    Throughout the relevant period, Defendants failed to provide required tools and equipment or to reimburse Plaintiffs, and, upon information and belief, other current or former employees for their expenditures on required tools and equipment as required by Cal. Lab. Code § 2802, including but not limited to: headlamps, lightbulbs, batteries, scissors, sharpening stones, buckets, and protective wire-mesh lined gloves.

44.    Defendants' failure to provide or reimburse workers for required tools and equipment constitutes an unlawful offset against the minimum wage, in further violation of 8 California Code of Regulations §11140(4)(B) and Cal. Lab. Code §§ 205.5, 1182.12, and 1197.

45.    Upon information and belief, Defendants SONRISE LP., SONRISE LLC., and CALANDRI contracted with Defendants MARIA CASTILLO and TERESA OCAMPO to perform services as a farm labor contractor during relevant times in violation of California Labor Code §§ 1696 and 1695.7 *et seq.*

46.    During all relevant times, Defendants MARIA CASTILLO and TERESA OCAMPO did not possess a valid farm labor contractor license, as required by California Labor Code § 1683.

47.    Upon information and belief, during all relevant times Defendants

MARIA CASTILLO and TERESA OCAMPO received a fee to perform farm labor contractor duties for SONRISE LP., SONRISE LLC., and CALANDRI, including but not limited to: employing workers to render personal services in connection with the production of farm products; recruiting, soliciting, supplying or hiring workers under the direction of a third person on behalf of an employer engaged in the growing or producing of farm products; providing transportation for workers; supervising, timing, checking, counting, or weighing workers' work; and disbursing wage payment to workers.

48.   Upon information and belief, Defendants SONRISE LP., SONRISE LLC., and CALANDRI contracted with Defendant MUÑOZ as a farm labor contractor during relevant times.

49.   Upon information and belief, Defendant MUÑOZ possessed a valid farm labor contractor license as required by California Labor Code § 1683 until it expired on or about February 9, 2010.  Upon information and belief, Defendant MUÑOZ did not renew that license until on or about February 9, 2011.

50.   Upon information and belief, Defendants SONRISE LP., SONRISE LLC., and CALANDRI contracted with Defendant MUÑOZ to perform services as a farm labor contractor after February 9, 2010 and before it was renewed on or about February 9, 2011 in violation of California Labor

Code §§ 1696 and 1695.7 *et seq.*

51.   On information and belief, Defendants SONRISE LP., SONRISE LLC., and CALANDRI entered into contracts with MUÑOZ and/or MARIA CASTILLO and/or OCAMPO and/or TERESA OCAMPO without providing for funds sufficient to allow MUÑOZ and MARIA CASTILLO and OCAMPO and TERESA OCAMPO to comply with all applicable local, state, and federal laws or regulations governing the labor services to be provided, in violation of Cal. Lab. Code § 2810(a).

52.   On information and belief, SONRISE LP., SONRISE LLC., and CALANDRI knew or should have known the contracts were insufficient to allow MUÑOZ and MARIA CASTILLO and OCAMPO and TERESA OCAMPO to comply with all applicable local, state, and federal laws or regulations governing the labor services to be provided based upon knowledge of hours worked, number of workers employed and amounts paid to workers based on information acquired by SONRISE LP., SONRISE LLC., and CALANDRI, or his agents, through direct oversight and observation of the work and receipt of records provided to them in accordance with Labor Code §§1695.54 and 1695.55 and 29 U.S.C. § 1821(e).

///

///

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage**
**in Violation of Cal. Lab. Code §§ 1197 and  1182.12;**
**8 C.C.R. §§ 11140 *et seq.*)**
**All Plaintiffs against All Defendants**

53.  Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

54.  Section 4 of 8 Cal. Code of Regulations § 11140 *et seq.* and Cal. Lab. Code § 1197 require that employers pay each employee no less than the statutory minimum wage for all hours worked.

55.  At times relevant, each Defendant has failed to pay the minimum hourly wage, currently set by Cal. Lab. Code § 1182.12 at $8.00 per hour for all hours worked, to Plaintiffs and, on information and belief, to other employees.

56.  Pursuant to Cal. Lab. Code § 1194, Plaintiffs are entitled to recover the unpaid balance of the full amount of the minimum wage and interest thereon, reasonable attorneys' fees, and costs of suit, in an amount to be proven at trial.

57.  Pursuant to Cal. Lab. Code § 1194.2, Plaintiffs are further entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### (Failure to Pay Overtime
### in Violation of Cal. Lab. Code § 1198;
### Cal. Code Regs., tit. 8 § 11140; IWC Wage Order 14)
### All Plaintiffs Against All Defendants

58.   Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

59.   At all times relevant to this action, Plaintiffs worked as agricultural workers for each Defendant in Riverside, Kern, Santa Barbara, and Los Angeles Counties and regularly preformed more than ten (10) hours of work in a work day and more than sixty (60) hours in a workweek.

60.   At all times relevant to this action, Defendants failed to pay Plaintiffs the premium overtime wages for hours worked in excess of ten (10) in a workday and/or sixty (60) in a workweek, in violation of California law.

61.   As a result of Defendants' failure to provide Plaintiffs with overtime pay in accordance with state and federal law, the Plaintiffs were deprived of wages due to them in amounts to be proven at the time of trial.

### THIRD CAUSE OF ACTION
### (Failure to Provide Properly Itemized Wage Statements
### in Violation of Cal. Lab. Code § 226(a))
### All Plaintiffs against All Defendants

62.   Plaintiffs re-allege and incorporate by reference each preceding paragraph

of the complaint as if fully alleged herein, and further allege as follows

with respect to Defendants' conduct, acts, or omissions during the relevant

period.

63.   At all relevant times, Defendants failed to provide Plaintiffs, and upon

information and belief, other employees with properly itemized wage

information on each pay period receipt as required by Cal. Lab. Code §

226(a).

64.   Plaintiffs allege that Defendants issued inadequate wage statements by

failing to list Defendants' address, failing to include the last four digits of

employees' social security numbers on each pay receipt, failing to

accurately list hours worked and piece totals, and combining more than

one worker per pay statement.

65.   Cal. Lab. Code § 226(a) requires that employers must furnish itemized

wage information on "each pay date."  Employers in violation of § 226(a)

are subject to penalty of up to $4,000.00 pursuant to Cal. Lab. Code §

226(e).

66.   As a result of Defendants' failure to provide Plaintiffs with properly

itemized wage statements as required by Cal. Lab. Code § 226(a),

Plaintiffs have suffered an injury and are entitled to penalties under Cal.

Lab. Code § 226(e) in an amount to be proven at trial.

///

## FOURTH CAUSE OF ACTION
### (Failure to Indemnify Employees for Necessary Expenditures
### in Violation of Cal. Lab. Code § 2802)
### All Plaintiffs against All Defendants

67.   Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

68.   Plaintiffs and other of Defendants' employees were required to purchase necessary tools for the completion of their duties harvesting onions for Defendants, including but not limited to: headlamps, lightbulbs, batteries, scissors, sharpening stones, buckets, and protective gloves.

69.   These tools were necessary to the completion of Plaintiffs' and other employees' duties and for their protection from cuts.

70.   Defendants did not reimburse Plaintiffs or other employees for these expenditures in violation of Cal. Lab. Code § 2082(a).

71.   As a direct and proximate cause of Defendants' failure to reimburse Plaintiffs and other employees for expenditures, Plaintiffs and other employees have suffered financial loss.

72.   Plaintiffs and other employees are entitled an award of the costs expended on necessary tools and interest thereon from the date of purchase, as well as attorney fees and costs pursuant to Cal. Lab. Code § 2802(b)-(c).

73.   Plaintiffs and other employees are also due an award of liquidated

damages equaling the offset against the minimum wage effectuated by Defendants' failure to reimburse Plaintiffs and other employees for tool expenditures, pursuant to Cal. Lab. Code § 1194.2.

## FIFTH CAUSE OF ACTION
**(Failure to Compensate for Split Shifts in Violation of**
**8 Cal. Code of Regulations § 11040 (4)(C) and Cal. Labor Code § 1198)**
**All Plaintiffs against All Defendants**

74.   Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

75.   At all times relevant to this action, Defendants were subject to Industrial Welfare Commission Wage Order 14-2001, 8 Cal. Code Regs. § 11140. This wage order states: "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment." IWC Wage Order 14-2001, ¶ 4(C); 8 Cal. Code Regs. ¶ 11140, ¶ 4(C).

76.   At all times relevant to this action, Plaintiffs and, upon information and belief, other similarly employed individuals, performed work under daily schedules which were interrupted by non-paid, non-working periods. These non-paid non-working periods were not bona fide rest or meal periods and instead were "split shifts." Plaintiff and, upon information

and belief, other similarly employed individuals, were not compensated an additional hour of pay at the minimum wage rate for working these split shifts.

77. At all times relevant, Plaintiffs and other similarly employed individuals did not reside in habitable or traditional dwellings at the place of employment.

### SIXTH CAUSE OF ACTION
**(Inadequate Farm Labor Contract, in Violation of Cal. Lab. Code §2810) All Plaintiffs against Defendants SONRISE LP. And SONRISE LLC.**

78. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

79. Defendants SONRISE LP., and SONRISE LLC. entered into contracts and/or agreements with MUÑOZ to provide labor for its operations in Riverside County and Los Angeles County.

80. Defendants SONRISE LP. and SONRISE LLC. entered into contracts and/or agreements with MARIA CASTILLO to provide labor for its operations in Riverside County and Los Angeles County.

81. Defendants SONRISE LP. and SONRISE LLC. entered into contracts and/or agreements with OCAMPO to provide labor for its operations in

southern California, including but not limited to in the Counties of Riverside, Los Angeles, Santa Barbara, and Kern.

82.   Defendant SONRISE LP. and SONRISE LLC. entered into contracts and/or agreements with TERESA OCAMPO to provide labor for its operations in southern California, including but not limited to the Counties of Riverside, Los Angeles, Santa Barbara, and Kern.

83.   The contracts and/or agreements referenced above failed to meet the requirements of Cal. Lab. Code § 2810(d) in that they were insufficient to allow MUÑOZ and/or MARIA CASTILLO and/or OCAMPO and/or TERESA OCAMPO to comply with all applicable local, state, and federal laws or regulations governing the labor services to be provided.

84.   MUÑOZ, MARIA CASTILLO, OCAMPO, and TERESA OCAMPO failed to pay minimum wages, contract wages, overtime wages, and split shift premiums due; failed to provide properly itemized wage statements; failed to indemnify employees for tools expenditures; failed to provide safe working conditions; failed to comply with the provisions of the federal AWPA and FLSA; and failed to certify employee housing accommodations and maintain that housing at standards meeting state and federal requirements.

85.   SONRISE LP. and SONRISE LLC. knew or should have known the contracts and/or agreements were insufficient to allow MUÑOZ to

comply with all applicable local, state, and federal laws or regulations governing the labor services to be provided.

86.   SONRISE LP. and SONRISE LLC. knew or should have known the contracts and/or agreements were insufficient to allow MARIA CASTILLO to comply with all applicable local, state, and federal laws or regulations governing the labor services to be provided.

87.   SONRISE LP. and SONRISE LLC. knew or should have known the contracts and/or agreements were insufficient to allow OCAMPO to comply with all applicable local, state, and federal laws or regulations governing the labor services to be provided.

88.   SONRISE LP. and SONRISE LLC. knew or should have known the contracts and/or agreements were insufficient to allow TERESA OCAMPO to comply with all applicable local, state, and federal laws or regulations governing the labor services to be provided.

89.   As a consequence of SONRISE LP.'s and SONRISE LLC.'s violation of Cal. Lab. Code § 2810, Plaintiffs were injured by each Defendant's failure to pay all wages due and is entitled to recover the greater of all of his or her actual damages or two hundred and fifty dollars ($250.00) per employee, per violation for an initial violation and one thousand dollars ($1,000) per employee for each subsequent violation.

///

**SEVENTH CAUSE OF ACTION**
**(Inadequate Farm Labor Contract,**
**in Violation of Cal. Lab. Code §§ 1696 and 1695.7 *et seq*)**
**All Plaintiffs against Defendants**
**SONRISE LP. and SONRISE LLC.**

90.   Plaintiffs re-allege and incorporate by reference each preceding paragraph

of the complaint as if fully alleged herein, and further allege as follows

with respect to Defendants' conduct, acts, or omissions during the relevant

period.

91.   At all times relevant to this action, SONRISE LP. and SONRISE LLC.

entered into contracts with MUÑOZ in the capacity of a farm labor

contractor to provide agricultural labor or services to SONRISE LP. and

SONRISE LLC.

92.   During the period between February 9, 2010 and February 9, 2011,

MUÑOZ did not provide SONRISE LP. and SONRISE LLC. a copy of a

current state farm labor contractor license prior to entering into contract

which was valid for the entire time period.

93.   At all times relevant to this action, SONRISE LP. and SONRISE LLC.

entered into contracts or agreementswith MARIA CASTILLO and

TERESA OCAMPO in the capacity of farm labor contractor to provide

agricultural labor or services to SONRISE LP. and SONRISE LLC.

94.   MARIA CASTILLO and TERESA OCAMPO did not provide to

SONRISE LP. and SONRISE LLC. a copy of a current valid state farm

---

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

labor contractor license prior to entering into any contract or agreement or at any other time whatsoever.

95.   SONRISE LP. and SONRISE LLC. violated Cal. Lab. Code §§ 1696 and 1695.7 *et seq* by knowingly entering into contracts or agreements with MARIA CASTILLO and/or MUÑOZ and/or TERESA OCAMPO without obtaining and properly verifying that MARIA CASTILLO and/or MUÑOZ and/or TERESA OCAMPO possessed valid current state farm labor contractor licenses.

96. As a consequence of SONRISE LP.'s and SONRISE LLC.'s failure to comply with Cal. Lab. Code § 1695.7 *et seq*, pursuant to Cal. Lab. Code § 1695.7(c)(2), Plaintiffs and other aggrieved workers are entitled to bring claims against SONRISE LP., SONRISE LLC., MUÑOZ, MARIA CASTILLO, and TERESA OCAMPO arising from contracts or agreements that are direct results of any violation of California law regulating wages and/or housing committed by MUÑOZ and/or MARIA CASTILLO and/or TERESA CASTILLO OCAMPO.

97. Plaintiffs and other aggrieved workers are further entitled to injunctive relief prohibiting Defendants from continuing to violate the law, damages resulting from those violations, as well as attorney's fees and costs pursuant to Cal. Lab. Code §§ 1695.7(c)(4) and 1697.

///

## EIGHTH CAUSE OF ACTION
### (Violation of Fair Labor Standards Act (FLSA); 29 U.S.C. § 201 *et seq.*) All Plaintiffs against All Defendants

98. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

99. At all times relevant to this action, Plaintiffs and others were employed by each Defendant within the meaning of the FLSA at 29 U.S.C. § 203 *et seq.*

100. At all times relevant to this action, Plaintiffs and other employees were engaged in commerce or in the production of goods in commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a)(1).

101. As a consequence of Defendants' willful failure to pay the federal minimum wage as required by 29 U.S.C. § 206(a), Plaintiffs and other employees are entitled to their unpaid federally mandated minimum wages, and an additional amount in liquidated damages, and costs of court, pursuant to 29 U.S.C. § 216(b).

///

///

# NINTH CAUSE OF ACTION
**(Migrant and Seasonal Agricultural Worker Protection Act (AWPA);
29 U.S.C. § 1801 *et seq.* and 29 C.F.R. § 500 *et seq.*)
All Plaintiffs against All Defendants**

102.   Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

103.   At all times relevant to this action, Plaintiffs were migrant agricultural employees within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A) in that they were employed in agriculture of a seasonal nature and were required to be absent overnight from their permanent places of residence.

104.   At all times relevant to this action, Defendants were each "agricultural employers" within the meaning of 29 U.S.C. § 1802(2).

105.   Defendants intentionally violated Plaintiffs' and other employees' rights under the AWPA, *inter alia*, by:

   a. failing to ascertain and disclose in writing to Plaintiffs at the time of recruitment the terms of employment and/or the terms of the housing provided by Defendants, as required by 29 U.S.C. §§ 1821(a)(1) through (a)(5), inclusive, and 29 U.S.C. § 1821(g);

   b. failing to post notice at the jobsite stating the workers' rights under the AWPA, including but not limited to a written disclosure of employment and/or housing terms, as required by 29 U.S.C. §

1821(b) as well as 29 U.S.C. § 1821(g);

c.  failing to post in a conspicuous place or to present to each worker a statement of the terms and conditions of housing provided by Defendants, in any language, as required by 29 U.S.C. § 1821(c) and 29 U.S.C. § 1821(g);

d.  failing to comply with the record-keeping requirements of 29 U.S.C. § 1821(d)(1), and failing to provide a written itemized statement of such information as required by 29 U.S.C. § 1821(d)(2);

e.  failing to pay each Plaintiffs the wages owed to him or her when due as required by 29 U.S.C §1822(a);

f.  failing to accurately list hours worked and piece totals, failing to properly list deductions, and combining more than one worker per pay statement in violation of 29 U.S.C. § 1831(c)(2); and 29 C.F.R. § 500.80(a) and (d).

g.  failing to comply with the working arrangements made by the Defendant with Plaintiffs including without limitation the agreement to comply with state and federal laws establishing minimum health and safety requirements for job sites and state and federal laws regarding payment of wages; deductions and withholding from wages; provision of tools; and reporting and

posting requirements, all in violation of 29 U.S.C. § 1822(c);

h. failing to ensure that real property owned by Defendants and utilized by Plaintiffs and other migrant agricultural workers as a seasonal housing facility complies with substantive federal and state safety and health standards applicable to that housing, in violation of 29 U.S.C. § 1823(a);

i. failing to certify property owned by Defendants and occupied by migrant agricultural workers as having met applicable safety and health standards, and failing to post certification of occupancy on the site, both in violation of 29 U.S.C. § 1823(b)(1);

j. providing housing for the Plaintiffs and others in violation of the following substantive health and safety standards set forth in state and federal regulations promulgated under the authority of the U.S. Department of Labor, 29 U.S.C. § 1861 and found at 20 C.F.R. § 654.404 *et seq.* (Housing Standards) and incorporated at 29 U.S.C. § 1823:

    1.    improper drainage, hazardous housing site, 20 C.F.R. § 654.404;

    2.    inadequate water supply, 20 C.F.R. § 654.405;

    3.    ineffective waste disposal, 20 C.F.R. § 654.406;

    4.    lack of heating, 20 C.F.R. § 654.409;

5.   inadequate electricity and lighting, 20 C.F.R. §
     654.410;

6.   inadequate toilets, 20 C.F.R. § 654.411;

7.   inadequate bathing, laundry, and handwashing
     facilities, 20 C.F.R. § 654.412;

8.   inadequate cooking and eating facilities; 20 C.F.R. §
     654.113;

9.   inadequate provision for garbage and other refuse; 20
     C.F.R. § 654.411;

10.  inadequate provision for insect and rodent control; 20
     C.F.R. § 654.415;

11.  improper sleeping facilities; 20 C.F.R. § 654.416

12.  inadequate provision for fire safety and first aid, 20
     C.F.R. § 654.417.

106.  For each such violation of the AWPA, the Plaintiffs are entitled to recover
their actual damages or up to $500 per violation in statutory damages
pursuant to 29 U.S.C. § 1854(c).

**TENTH CAUSE OF ACTION**
**(Violation of the Employee Housing Act,**
**California Health and Safety Code § 17000, *et seq.*)**
**All Plaintiffs against All Defendants**

107.  Plaintiffs re-allege and incorporate by reference each preceding paragraph
of the complaint as if fully alleged herein, and further allege as follows

with respect to Defendants' conduct, acts, or omissions during the relevant period.

108.  The real property owned and/or operated by and/or controlled by Defendants and provided as housing accommodations to Plaintiffs and other workers is employee housing within the meaning of the Employee Housing Act, Health and Safety Code § 17008, in that it is a housing accommodation and/or living quarters maintained in a place where work is performed, and it is set aside and provided by the employer for camping and/or housing for five or more employees.

109.  The real property owned and/or operated and/or controlled by Defendants and provided as housing to Plaintiffs and other workers is employee housing within the meaning of the Employee Housing Act, Health and Safety Code § 17008(a), in that it constitutes property upon which a housing accommodation is located, consisting of living quarters or other housing accommodations maintained in one or more sites, and the premises upon which they are situated is provided by the employer and used for camping of five or more employees.

110.  The real property owned and/or operated and/or controlled by Defendants and provided as housing to Plaintiffs and other agricultural workers is not a hotel, motel, inn, tourist hotel, multifamily dwelling, or single-familiar house, and is not provided to nonagricultural employees or non-employees

of Defendants on the same terms.

111.  The agricultural land owned and/or operated by and/or controlled by Defendants and provided for housing to Plaintiffs and other workers is temporary employee housing within the meaning of the Employee Housing Act, Health and Safety Code § 17010(a) in that it is a labor camp which is not operated on the same site annually and which is established for one operation and then removed.

112.  The Employee Housing Act, Health and Safety Code § 17030, prohibits any person from operating employee housing without a valid permit issued by the enforcement agency (the California Department of Housing and Community Development).

113.  At all times relevant to this complaint, the Defendants have failed to obtain from the enforcement agency a permit to operate any employee housing whatsoever.

114.  At all times relevant to this complaint the Defendants' employee housing has placed Plaintiffs and others in imminent peril and has failed to comply with applicable health, safety, and building codes set forth in state and federal regulations promulgated under the authority of the U.S. Department of Labor, 29 U.S.C. § 1861 and found at 20 C.F.R. § 654.404 et seq. (Housing Standards) and incorporated at 29 U.S.C. § 1823, including the following:

a.  improper drainage, hazardous housing site, 20 C.F.R. § 654.404;

b.  inadequate water supply, 20 C.F.R. § 654.405;

c.  ineffective waste disposal, 20 C.F.R. § 654.406;

d.  lack of heating, 20 C.F.R. § 654.409;

e.  inadequate electricity and lighting, 20 C.F.R. § 654.410;

f.  inadequate toilets, 20 C.F.R. § 654.411;

g.  inadequate bathing, laundry, and handwashing facilities, 20 C.F.R. § 654.412;

h.  inadequate cooking and eating facilities; 20 C.F.R. § 654.113;

i.  inadequate provision for garbage and other refuse; 20 C.F.R. § 654.411;

j.  inadequate provision for insect and rodent control; 20 C.F.R. § 654.415;

k.  improper sleeping facilities; 20 C.F.R. § 654.416

l.  inadequate provision for fire safety and first aid, 20 C.F.R. § 654.417.

115.  The housing accommodations provided and/or authorized by Defendants placed Plaintiffs and other resident workers in imminent peril.  Plaintiffs made a timely complaint to the Department of Housing and Community Development regarding the unsafe, unsanitary, and substandard conditions found in the housing accommodations provided and/or authorized by

Defendants.

116. As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiffs and other workers have sustained and continue to sustain damages, including extreme and severe mental anguish, in an amount to be proven at trial.

117. The acts and/or omissions of Defendants were in conscious disregard of the health, safety, and legal rights of the Plaintiffs and other workers and subjected and continue to subject them to cruel and unjust hardships. Therefore, Plaintiffs are entitled to an award of punitive damages in an amount to be determined at trial.

118. Plaintiffs' allegations need not be supported by the provision or filing of any undertaking or bond for the issuance of any preliminary or permanent injunction. Plaintiffs further need not allege or prove actual damages or the threat thereof, or actual injury or the threat thereof, to the Plaintiffs, pursuant to Cal. Health & Safety Code § 17060(g).

## ELEVENTH CAUSE OF ACTION
**(Unlawful Competition in Violation of Bus. & Profs. Code §§ 17200, *et seq.*)
All Plaintiffs, individually, against All Defendants**

119. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

120.  Plaintiffs sue for their own interests pursuant to Business and Professions

Code §§ 17200 *et seq.*

121.  Plaintiffs were not paid minimum, contractual, overtime, and split-shift

wages owed for all hours worked in violation of IWC Order No. 14, 8 Cal.

Code of Regs. §11140 and Cal. Lab. Code §§ 205.5, 1182.12, 1198, and

1197; were not paid all federal minimum wages due pursuant to the Fair

Labor Standards Act, 29 U.S.C. § 206; were not compensated or

reimbursed for required tools in violation of Cal. Lab. Code § 2802;

received insufficiently itemized paystubs in violation of Cal. Lab. Code §

226(a),  29 U.S.C. § 1831(c)(2), and 29 C.F.R. § 500.80(a) and (d); were

required by Defendants to work in an unsafe work environment in

violation of Cal. Lab. Code §§ 2260, 6400, 6401, 6401.7, 6402, 6403,

6406(d), 8 C.C.R. § 3457(c)(2)-(4) and the working arrangement

provisions of the AWPA, 29 U.S.C. § 1822(c).  Defendants also failed to

comply with the notice, recordkeeping, wage payment, and housing

certification requirements of AWPA, 29 U.S.C. §§ 1821(b), 1821(d)(1),

1822(a), 1823(a), 1823(b)(1), and 29 C.F.R. §§ 500.75(c) and

500.76(d)(1).  Defendant also provided employee housing that did not

comply with state and federal housing health and safety standards, in

violation of Cal. Health & Safety Code §§ 17000 *et seq.* and 17030 and 29

C.F.R. § 654.404 *et seq.*

122. As a direct and proximate result of the acts and/or omissions of the Defendants the Plaintiffs have been deprived of wages and suffered other damages in an amount to be proven at trial.

123. The Defendants, by the acts and/or omissions alleged herein have committed and are committing unlawful and unfair competition.

124. The Defendants, by the acts and/or omissions alleged herein have injured and are injuring the interests of the public in that other employers who have been or currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws (including the laws violated by the Defendants) are at an unfair competitive disadvantage as a result of the Defendants' conduct.

125. The Plaintiffs are entitled to restitution of his wages and the economic value of benefits unlawfully denied him by the Defendants in an amount to be determined at trial.  In addition, the Plaintiffs are entitled to and Plaintiffs seek a preliminary and permanent injunction enjoining the Defendants from failing to provide a safe and healthy work environment, failing to pay wages for all hours worked, failing to pay all wages as required by law, failing to provide tools and/or reimburse for all required tools expenses, failing to provide properly itemized pay statements, failing to properly certify employee housing, and failing to maintain employee housing to meet applicable standards.

## TWELFTH CAUSE OF ACTION
### (Violation of Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.*) All Plaintiffs against All Defendants

126. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

127. Plaintiffs are aggrieved employees as defined in Cal. Lab. Code §2699(a).

128. Defendants committed the following violations of the California Labor Code against Plaintiffs and, on information and belief, against other current or former employees while employed by Defendants:

a.   Defendants violated Cal. Lab. Code §§ 6400, 6401, 6402, 6401.7, 6403, and 2260 and 8 Cal Code of Regulations § 3457(c)(2)-(4) by failing to provide to Plaintiffs and, on information and belief, to other current and former employees a safe work environment and sanitary conditions in the work place.

b.   Defendants violated Cal. Lab. Code §§ 201, 202, and 558 by failing to pay Plaintiffs and, on information and belief, other currently and formerly aggrieved employees of Defendants all wages on the date of the employee's involuntary termination of employment or within 72 hours of the receipt

of notice of the employee's voluntary termination of employment.

c.   Defendants violated Cal. Lab. Code §§ 205.5, 216, 558, 1182.12, 1197 and 1198 and provisions of Industrial Welfare Commission Wage Order 14, 8 C.C.R. § 11140(4)(B), by failing to pay the applicable minimum wage, overtime wage, and split-shift premium when due to Plaintiffs, and on information and belief, other current and former employees of Defendants, for all hours worked.

d.   Defendants violated Cal. Lab. Code §§ 2802 and 558 by failing to provide and/or reimburse Plaintiffs and on information and belief, other employees, for required tools, including headlamps, batteries, scissors, sharpeners, gloves, and buckets.

e.   Defendants violated Cal. Lab. Code §§ 226(a) and 558 by failing to provide properly itemized wage information to Plaintiffs and, on information and belief, to other current and former employees of Defendants.

f.   Defendants violated Cal. Lab. Code §§ 1683, 1695,1695.6, 1695.7 by failing to pay all wages due, failing to provide properly itemized wage information and engaging in farm

labor contracting activities without a license.

129. Cal. Lab. Code § 2699(f) provides:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

130. Pursuant to Cal. Lab. Code § 2699.3, prior to the filing of this Complaint, Plaintiffs gave written notice by certified mail to each Defendant and the Labor Workforce Development Agency (LWDA) of the factual and legal basis for the labor law violations alleged in this complaint.

131. Plaintiffs seek all applicable penalties for violations which the Labor and Workforce Development Agency has failed to investigate and/or failed to issue a citation.

## THIRTEENTH CAUSE OF ACTION
### (Failure to Pay All Wages Due Upon Discharge, Cal. Lab. Code §§ 201 and 202) All Plaintiffs against All Defendants

132. Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as if fully alleged herein, and further allege as follows with respect to Defendants' conduct, acts, or omissions during the relevant period.

133.   Each harvest season, each Plaintiff was either discharged by Defendants, within the meaning of Cal. Lab. Code § 201, or quit within the meaning of Cal. Lab. Code § 202, when Plaintiff's seasonal employment ended during the relevant period, but was not paid all wages due pursuant to Cal. Lab. Code §§ 201 or 202.

134.   As a result of Defendants' willful failure to pay Plaintiffs all wages due in accordance with Cal. Lab. Code §§ 201 and 202 at the end of each harvest season, Plaintiffs are entitled to waiting time penalties pursuant to Cal. Lab. Code § 203 for each such discharge or quit in an amount equal to thirty (30) times their daily rate of pay, together with interest thereon and attorneys' fees and costs, under California Labor Code § 203.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

AS TO THE FIRST CAUSE OF ACTION:

1.   An award to Plaintiffs of the unpaid balance of the full amount of the minimum wages due pursuant to Cal. Lab. Code § 1194(a); interest pursuant to Cal. Lab. Code § 218.6;  and liquidated damages in an amount equal to the unpaid minimum wages due, all in amounts to be proven at trial.

///

AS TO THE SECOND CAUSE OF ACTION:

2.      An award of the overtime wages due to Plaintiffs in an amount to be

proven at trial.

AS TO THE THIRD CAUSE OF ACTION:

3.      An award of fifty dollars ($50.00) for the first failure to provide an

itemized wage statement to Plaintiffs and one hundred dollars ($100.00)

for each subsequent violation to Plaintiffs, not to exceed a maximum of

four thousand dollars ($4,000.00), plus reasonable costs.

AS TO THE FOURTH CAUSE OF ACTION:

4.      An award of all costs expended by Plaintiffs on necessary tools plus

interest thereon, as well as liquidated damages, attorney fees, and costs.

AS TO THE FIFTH CAUSE OF ACTION:

5.      An award of an amount equal to one hour of additional wages at the

applicable hourly rate of pay for each workday that each Plaintiff worked a

split shift.

AS TO THE SIXTH CAUSE OF ACTION:

6.      A preliminary and permanent injunction enjoining Defendants SONRISE

LP. and SONRISE LLC. from failing to provide sufficient contract funds;

7.      An award of penalties in an amount to be proven at trial as well as

attorneys' fees and costs, pursuant to Cal. Lab. Code §§ 2810(g) and

2810(g)(2).

## AS TO THE SEVENTH CAUSE OF ACTION:

8.   A preliminary and permanent injunction prohibiting Defendants from
     continuing to violate the law;

9.   An award of damages in an amount to be proven at trial as well as
     attorney's fees and costs pursuant to §§ 1695.7(c)(4) and 1697.

## AS TO THE EIGHTH CAUSE OF ACTION:

10.  Permission to allow this action to proceed as a representative action
     pursuant to 29 U.S.C. § 216(b), for all workers whose wages were below
     the applicable FLSA minimum wage;

11.  An entry of declaratory judgment that Defendants willfully violated the
     Plaintiffs' rights under the FLSA, and award the Plaintiffs and other
     employees their unpaid federal minimum wages, plus an equal amount as
     liquidated damages, for the Defendants' violations of the FLSA.

## AS TO THE NINTH CAUSE OF ACTION:

12.  An entry of declaratory judgment that Defendants violated the Plaintiffs'
     rights under the AWPA, injunctive relief ordering Defendants to cease the
     violations of AWPA heretofore alleged, and an award to the Plaintiffs and
     other employees their actual damages or, alternatively, statutory damages
     of $500 per person per violation for the Defendants' violations of the
     AWPA.

///

AS TO THE TENTH CAUSE OF ACTION:

13.    A preliminary and permanent injunction enjoining Defendants from providing employee housing that does not meet the requirements of the Employee Housing Act;

14.    An award of damages, including punitive damages, in an amount to be proven at trial.

AS TO THE ELEVENTH CAUSE OF ACTION:

15.    A preliminary and permanent injunction ordering Defendants to cease the unlawful and unfair business practices as heretofore alleged;

16.    Restitution and damages to Plaintiffs in an amount to be proven at trial.

AS TO THE TWELFTH CAUSE OF ACTION:

17.    Entry of judgment against each Defendant awarding Plaintiffs and other current and former employees amounts pursuant to Labor Code § 2699(a) equal to the penalties provided in Labor Code §§ 210, 558, 1197.1, and 2699(f) according to proof, including amounts sufficient recover unpaid wages pursuant to Labor code §§ 558(a)(1)-(2).

18.    Entry of judgment against each Defendant pursuant to Labor Code § 2699, directing that penalties awarded pursuant to this cause of action be distributed as follows: fifty percent (50%) paid to the California State General Fund; twenty-five percent (25%) paid to the Labor and Workforce Development Agency; and twenty-five percent (25%) be paid to the aggrieved Plaintiffs and employees,

except as to those amounts of underpaid wages recovered pursuant to Labor Code § 558(a), one hundred percent (100%) of which are to be paid to the affected employee.

AS TO THE THIRTEENTH CAUSE OF ACTION:

19.     An award of waiting time penalties to each Plaintiff for each seasonal discharge or quit in an amount equal to thirty 30 times Plaintiff' daily rate of pay per discharge or quit.

AS TO ALL CAUSES:

20.     For pre- and post-judgment interest at the maximum legal rate of interest for each amount of money due as listed above;

21.     For costs of suit and attorney fees; and

22.     For such other and further relief as this court deems just and proper under the circumstances.


JURY TRIAL DEMANDED


Dated: 2/13/2014          CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

                          By:     /s/ Michael Meuter
                                  Michael Meuter
                                  Attorneys for Plaintiffs

---

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF